Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5125 | **DATE** | 10/17/2001 |
| **CASE TITLE** | Kelly Lait vs. Jerome P. Genova etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant Rosemaria Genova's motion for judgment on pleadings is denied. We also grant plaintiff's motion to strike affirmative defenses 1-4 and 7-12, with leave to replead with 21 days. Status hearing set for November 20, 2001 at 9:45am.

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KELLY LAIT,

    Plaintiff,

vs.    No. 01 C 5125

JEROME P. GENOVA, both in his individual capacity and in his capacity as Mayor of the City of Calumet City, Illinois; CITY OF CALUMET CITY, an Illinois municipal corporation; et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Plaintiff sues various officials of Calumet City, claiming that they misused him in various ways because he provided an affidavit for police officers suing defendant Jerome P. Genova, the mayor, and he cooperated with a federal investigation of Genova. In one count of the complaint, count XI, he alleges that he was renting residential property from Genova and his wife Rosemaria Genova, that they raised the rent and then evicted him and that Rosemaria extorted $50 from him, all in retaliation for his cooperation with the federal investigation.

All of the defendants, except Rosemaria, are represented by lawyers from the same firm. She has separate representation. Her counsel now moves, on her behalf, for judgment on the pleadings, contending that the claim against her in count XI is not sufficiently related to the other claims to confer supplemental jurisdiction pursuant to 28 U.S.C. 1367(a). That motion is denied.

Jerome does not join in the motion, and for good reason. Count XI alleges another form of retaliation by him, all part of a common scheme to get back at plaintiff because of his

cooperation. And for that one form, it picks up Rosemaria as well. We have no doubt that it is sufficiently related to confer jurisdiction. But supplementary jurisdiction is discretionary, and we recognize that the claim against Rosemaria, particularly that relating to a $50 extortion, has somewhat of the quality of an afterthought. We recognize also that Rosemaria has separate counsel. It would be unfair to her if she had to bear the expense of her attorney's full participation in a sprawling lawsuit that involved her only in a minor way. We will, for now, exercise our discretion to retain jurisdiction. We will reconsider that decision, however, unless plaintiff, during discovery, specifically advises her counsel when discovery will not relate to Rosemaria – which should be almost all of it – so that he need not participate.

We also grant plaintiff's motion to strike affirmative defenses 1-4 and 7-12, with leave to replead within 21 days. And if discovery should turn up support for a defense not then on file, leave to amend will be freely granted. What we said in <u>Beveridge v. Mid-West Management, Inc.</u>, 1999 WL 1295115 (N.D. Ill.), is equally applicable here:

> The affirmative defenses, or at least the customary ones, are set forth in Rule 8(c). Some of those plead here clearly are affirmative defenses, but they omit the short and plain statement of facts necessary to sustain them. *See Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 833 F.2d 1286, 1294-95 (7th Cir. 1989). Others are, in effect, contentions that plaintiffs have their facts wrong, that they cannot prove the necessary elements of their claims. But those are covered by the denials in the answer. Affirmative defenses are, essentially "Yes, but" formulations – "even if plaintiffs prove everything they have alleged they still lose because ...." Rather than plow through all 27 "defenses" we think the better course is for defendants to start over, recognizing that the defenses required to be plead affirmatively are few, that they need some factual development, and that even those should be advanced only if defendants believe after a reasonable inquiry that they have legal and factual support.

JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 17 , 2001.