

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5125 | **DATE** | 12/12/2002 |
| **CASE TITLE** | Kelly Lait vs. Jerome P. Genova et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the above reasons, the motions to dismiss of the City, and of Garrison and Wilhelm, are denied. Status hearing set for December 31, 2002 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 12 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 83 |
| | Copy to judge/magistrate judge. | 02 DEC 12 PM 2: 22 | DEC 12 2002 date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KELLY LAIT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 01 C 5125 |
| | ) |
| JEROME P. GENOVA, both in his individual | ) |
| capacity and in his capacity as Mayor of the | ) |
| City of Calumet City, Illinois, et al., | ) |
| | ) |
| Defendants. | ) |

DOCKETED

DEC 12 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff Kelly Lait brings this action alleging infringement of his First Amendment rights under 42 U.S.C. § 1983, conspiracy under 42 U.S.C. § 1985, racketeering under 18 U.S.C. § 1962, and various violations of state law. The City of Calumet City (City) and defendants Garrison and Wilhelm have filed motions to dismiss the claims against them. For the following reasons, the motions are denied..

## BACKGROUND

The facts of this case are taken from plaintiff's complaint. From January 8, 1998, through January 10, 2001, plaintiff worked as a garbage collector in Calumet City's Department of Public Works. At all relevant times defendant Genova was Mayor of the City, defendant Wilhelm was chief of staff to Genova, and defendants Garrison and Qualkinbush were supervisors in the Department of Public Works. In 1999, plaintiff provided an affidavit in a civil action brought by police officers against Genova. Plaintiff subsequently testified before a federal grand jury empaneled to assess alleged criminal violations by Genova and his



administration.

Plaintiff alleges that he was retaliated against for his adverse testimony. Specifically, he claims that defendants Wilhelm and Garrison knowingly made false allegations that, while working his garbage route, plaintiff had kidnapped and held a dog for ransom; that they harassed him by making him submit to repeated drug tests and conspired to find ways in which plaintiff could be terminated; and that under orders from Genova and Garrison, Wilhelm fired plaintiff. Also, he alleges that his termination was not only in retaliation for his testimony, but also part of a City practice of making human resource decisions based upon an employee's speech and association, including his or her choice to affiliate politically with the mayoral administration or not.

## DISCUSSION

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, we accept as true all well-pleaded factual allegations, drawing all reasonable inferences in a non-movant's favor. Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1019 (7th Cir. 1992). A claim survives if relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While a claim does not need to specify the correct legal theory to withstand a Rule 12(b)(6) motion, it must allege all elements of a cause of action necessary for recovery. Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir. 1985), *cert. denied,* 475 U.S. 1047 (1986).

Plaintiff brings his § 1983 claims against all defendants, alleging violations of his First Amendment rights to free speech and free association. In order to state a claim against the

City, plaintiff must allege that the deprivation of rights was a result of a policy or custom of the City or the conduct of a person with final policymaking authority. <u>Baxter by Baxter v. Vigo County School Corp.</u>, 26 F.3d 728, 734-35 (7th Cir. 1994). The complaint states that the City and Genova "adopted an illegal policy of political harassment and retribution against City employees who did not share the Defendants' political viewpoint or opposed the Defendants' policies" *(¶ 68)*. Nowhere in the complaint does plaintiff reference an express policy. Instead, he alleges that the City, through the conduct and direction of Genova, adopted a custom of making human resource decisions based upon employees' protected speech and political affiliation.

The City argues that the legal conclusion that it had a custom of discrimination is not enough to support this claim without underlying factual allegations. While plaintiff will eventually have to flush out more facts to support his claim of an unconstitutional practice or custom, he has successfully alleged that Genova, in his capacity as final policymaker, engaged in conduct that violated plaintiff's First Amendment rights. Under the Rule 12(b)(6) standard, this is enough to support the claim that the City had an unconstitutional practice of violating speech and association. *See generally* <u>City of St. Louis v. Praprotnik</u>, 485 U.S. 112 (1988). As plaintiff apparently recognizes, punitive damages are not available against the City.

Plaintiff sues Wilhelm and Garrison in their individual capacities. Individual liability under § 1983 arises when a defendant acts under color of law and violates a plaintiff's rights, privileges, or immunities secured by the Constitution or federal law. <u>Lanigan v. Village of East Hazel Crest, Illinois</u>, 110 F.3d 467, 471 (7th Cir. 1997). Defendants argue that there are no allegations that they were involved or knew of any violations of plaintiff's rights, and that all

the alleged wrongdoing is attributed to Genova.

The complaint claims that Garrison and Wilhelm directed an investigation of plaintiff based on allegations they knew to be false, submitted him to numerous drug tests, and ultimately fired him. Allegedly, that these actions were part of a conspiracy to retaliate against plaintiff for adverse testimony against the mayor's office and to keep him from speaking freely in the future (cplt. ¶¶ 22, 26, 27, 37, 40, 41, 44). Conduct that silences or chills free speech or association is actionable. *See* Power v. Summers, 226 F.3d 815 (7th Cir. 2000). Under the minimal Rule 12(b)(6) standard, plaintiff has alleged enough involvement by each defendant in the alleged retaliation to go forward. *See* Jones v. City of Chicago, 856 F.2d 985, 992-993 (7th Cir. 1988).

Plaintiff also seeks relief against Garrison and Wilhelm (as well as defendants Genova and Qualkinbush) under 42 U.S.C. § 1985. To state a claim plaintiff must allege the existence of a conspiracy motivated by racial or other class-based animus and facts from which a conspiracy can be inferred. Quinones v. Szorc, 771 F.2d 289, 291 (7th Cir. 1985). The facts detailing the conspiratorial agreement can be pleaded generally, while those facts documenting the overt acts made in furtherance of the conspiracy must be pleaded specifically. *Id.*

Did plaintiff plead enough overt acts from which to infer that there was a conspiratorial agreement to retaliate against him? He alleges that Wilhelm and Garrison investigated him regarding allegations they knew to be false and submitted him to multiple drug tests. Defendants may have had justification for these actions, but at this stage in the case we must take as true plaintiff's assertion that these actions were overt acts in furtherance of a conspiracy to retaliate against him. Plaintiff has offered enough to go forward.

Plaintiff's final federal claims are brought under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c) and (d). To state a claim plaintiff must allege conduct of an enterprise through a pattern of racketeering activity. U.S. v. Dote, 150 F.Supp.2d 935 (N.D.Ill. 1996). Defendants challenge these claims for failing to allege a sufficient conduct to show a pattern of racketeering activity or conspiratorial intent.

RICO's pattern of activity element will be met if plaintiff alleged multiple episodes from which one can infer that there is an ongoing course of racketeering conduct. Papai v. Cremosnik, 635 F.Supp. 1402, 1412-1413 (N.D.Ill. 1986). As discussed above, plaintiff has alleged that Garrison and Wilhelm interfered with a criminal investigation of the administration by falsely investigating and harassing him, supposedly in an effort to get him to change his testimony. He also claims that they fired him in retaliation for testifying against the administration. While these alleged episodes may have had a common purpose, they are distinct from each other and are enough to show a pattern of activity under the Rule 12(b)(6) standard. *Id.*; 18 U.S.C. 1961(1) (racketeering activity includes tampering with a witness and retaliating against a witness) and (5) ("'pattern of racketeering activity' requires at least two acts of racketeering activity...the last of which occurred within ten years...after the commission of a prior act of racketeering activity"). The same alleged conduct is sufficient to support plaintiff's 1962(b) conspiracy claim as well. *See* generally Salinas v. United States, 522 U.S. 52, 63-65 (1997).

Defendants also ask us to decline pendent jurisdiction over the various state law claims. However, since the federal claims remain, we keep in the state claims.

## CONCLUSION

For the above reasons, the motions to dismiss of the City, and of Garrison and Wilhelm, are denied.

*[signature: James B. Moran]*
JAMES B. MORAN
Senior Judge, U. S. District Court

\_\_Dec. 12\_\_, 2002.